## UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY FROCK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 3:20-cv-00954-BJD-JRK |
| | ) | |
| | ) | |
| DAVIS, DAVIS & ASSOCIATES LLC, | ) | |
| DAVIS & DAVIS CONSULTING | ) | |
| SERVICES LLC, and KEVIN T. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DAVIS, DAVIS & ASSOCIATES LLC MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND MOTION FOR SANCTIONS

Plaintiff, KIMBERLY FROCK ("Plaintiff"), through her attorneys, files this Opposition to Defendant's, DAVIS, DAVIS & ASSOCIATES LLC ("DDA"), Verified Motion to Disqualify Plaintiff's Counsel and Motion for Sanctions ("Verified Motion"). (Doc. No. 17). In support of this Opposition, Plaintiff states the following:

### I.    PROCEDURAL BACKGROUND

On August 25, 2020, Plaintiff filed a Complaint against Defendant, DAVIS, DAVIS & ASSOCIATES LLC, for violating the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1). Plaintiff's Complaint against DDA is based on the following voicemail message:

> Hello, this is Wallace T McArthur with Davis and Davis Consulting Services. I'm calling to advise you that a costly legal action is prepared to be filed against you and your jurisdictional court for an unfulfilled contractual obligation. Now, we may be able to help you resolve this in a matter to your favor, however, this case is set for immediate action. Therefore, consider this a serious and urgent matter, and either you or your attorney call right away to speak to a representative who can assist you in resolving this matter. The number is 904-201-1586. Again, that number is 904-201-1586.

1

(Doc. No. 18, Pl.'s First Am. Compl., ¶ 46); *see also* Transcribed Voicemail Message Plaintiff Received, attached hereto as Exhibit A.  On October 20, 2020, Plaintiff filed a Motion for Clerk's Judgment against DDA.  (Doc. No. 9-10).  The Clerk entered Default on October 21, 2020.  (Doc. No. 11).  On October 30, 2020, DDA's counsel, Andrew Bonderud ("Mr. Bonderud"), filed a notice of appearance on behalf of DDA.  (Doc. No. 12).  By agreement, on November 2, 2020, DDA filed an Unopposed Motion to Set Aside the Clerk's Entry of Default.  (Doc. No. 13).  DDA's Unopposed Motion was granted [Doc. No. 14] and DDA filed its Answer on November 3, 2020.  (Doc. No. 15).

On November 12, 2020, DDA filed its Verified Motion.  (Doc. No. 17).  On November 13, 2020, Plaintiff filed a First Amended Complaint naming DAVIS & DAVIS CONSULTING SERVICES LLC ("DDCS") and KEVIN T. DAVIS ("Mr. Davis") as additional Defendants.  (Doc. No. 18).  On November 19, 2020, Michael Agruss ("Mr. Agruss") filed a Motion for Admission Pro Hac Vice. (Doc. No. 24).  On November 23, 2020, Mr. Agruss's Motion for Pro Hac Vice admission was granted.  (Doc. No. 27).

## II.   LEGAL STANDARD

### A.   Disqualification Standard under Florida State Bar Rule 4-8.4(c): Misconduct and Florida State Bar Rule 4-4.2: Communication With Person Represented by Counsel.

Florida State Bar Rule 4-8.4(c)[1] states, in part, that

> A lawyer shall not:
>  . . .
>
> (c)   engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, except that it shall not be professional misconduct for a lawyer for a criminal law enforcement agency or regulatory agency to advise

---

[1] Though Defendant's Verified Motion mentions Fla. Bar Code of Prof. Cond., 4-1.6, 4-4.2, 4-8.4(c) and 4-8.4(d), Defendant only argues for disqualification pursuant to Fla. Bar Code of Prof. Cond., 4-8.4(c). [*See* Doc. No. 17 at 4-5].

others about or to supervise another in an undercover investigation, unless prohibited by law or rule, and it shall not be professional misconduct for a lawyer employed in a capacity other than as a lawyer by a criminal law enforcement agency or regulatory agency to participate in an undercover investigation, unless prohibited by law or rule[.]

FLA. BAR CODE OF PROF. COND., 4-8.4(c).

Rule 4-8.4(c) is violated when there is "conduct involving any element, such as dishonesty, deceit, or misrepresentation." *The Fla. Bar v. Berthiaume*, 78 So. 3d 503, 509 (Fla. 2011) (finding Respondent guilty of violating Rule 4-8.4(c) where she knowingly signed a fraudulent subpoena).

In its Verified Motion, DDA sates that "FLA. BAR. CODE OF PROF. COND., 4-8.4(c) prohibits attorneys from directly communicating with adverse parties, including employees or former employees of the corporate parties represented by counsel."  (Doc. No. 17 at 4).  That is incorrect.  DDA is referring to Fla. Bar. Code of Prof. Cond., 4-4.2[2] and failed to cite the appropriate authority.  (Doc. No. 17 at 4); *see also Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F.Supp. 651,654 (M.D. Fla. 1992) ("Fla. Bar Code of Prof. Cond., 4-4.2, . . . prohibits attorneys from directly communicating with adverse parties, including employees or former employees of the corporate parties represented by counsel[.]").   Notably, Rule 4-4.2 does not prohibit communicating with a represented person concerning matters outside the scope of representation.

---

[2] (a) In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. Notwithstanding the foregoing, a lawyer may, without such prior consent, communicate with another's client to meet the requirements of any court rule, statute or contract requiring notice or service of process directly on a person, in which event the communication is strictly restricted to that required by the court rule, statute or contract, and a copy must be provided to the person's lawyer.

(b) An otherwise unrepresented person to whom limited representation is being provided or has been provided in accordance with Rule Regulating the Florida Bar 4-1.2 is considered to be unrepresented for purposes of this rule unless the opposing lawyer knows of, or has been provided with, a written notice of appearance under which, or a written notice of time period during which, the opposing lawyer is to communicate with the limited representation lawyer as to the subject matter within the limited scope of the representation. FLA. ST. BAR CODE OF PROF. COND., 4-4.2

*See* FLA. BAR. CODE OF PROF. COND., 4-4.2.  Disqualification of a lawyer in a civil case is an "immensely unusual remedy, one that must be employed only in limited circumstances." *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. Dist. Ct. App. 2002)(holding that disqualification of counsel under Rule 4-4.2 is not presumptively required, and violations, if any, should be remedied in another way).

### B.    Standard for Imposing Sanctions Under the Court's Inherent Powers.

"Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal."  *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)).  The inherent power "is both broader and narrower than other means of imposing sanctions."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).  "They key to unlocking a court's inherent power is a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1999) (citation omitted).  Generally, "if a court cannot impose sanctions under Rule 11, it should not exercise its inherent sanctioning authority."  *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2018 WL 1833045, at *4 (M.D. Fla. Mar. 1, 2018).  However, when a Court chooses to impose sanctions using its inherent powers it is within its discretion to "fashion a sanction which is a direct response to the harm that the bad faith of the attorney causes."  *Peer v. Lewis (Peer II)*, 571 Fed,Appx. 840, 845 (11th Cir. 2014), cert. denied, -- U.S. --, 135 S.Ct 1176 (2015) (quoting *Barnes*, 158 F.3d at 1215).

### III.    ARGUMENT

### A.    DDA's Verified Motion is Procedurally Deficient Because DDA's Counsel Failed to Comply with Local Rule 3.01(g).

As a threshold matter, DDA's Verified Motion is procedurally deficient because DDA's counsel failed to comply with Local Rule 3.01(g).  Prior to filing a motion, such as DDA's Verified Motion in this present case, "the moving party shall confer with counsel for the opposing party **in**

**a good faith effort** to resolve the issues raised in the motion." Local Rule 3.01(g). (emphasis added). Additionally, if the matter cannot be resolved by conferring with opposing counsel, then the moving party's motion shall be filed with a statement "(1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating where counsel agree on the resolution of the motion." Local Rule 3.01(g). Rule 3.01(g) encourages parties to resolve certain disputes without court intervention. *Winston v. A to Z Wiring, LLC, No*. 516CV4840CPGPRL, 2018 WL 1940430, at *1 (M.D. Fla. Mar. 21, 2018).

Here, not only did DDA's counsel fail to meet and confer in good faith with Plaintiff's counsel regarding the Verified Motion, but DDA's counsel did not include the Local Rule 3.01(g) certification in its Verified Motion. (*See e.g*., Doc. No. 17). First, DDA's counsel failed to confer with Plaintiff's counsel in good faith, as required by Local Rule 3.01(g). DDA's counsel first e-mailed Plaintiff's counsel about the anticipated Verified Motion on November 12, 2020, at approximately 10:32 a.m. Eastern Time. *See* Meet and Confer E-Mail Exchange between DDA and Plaintiff, attached hereto as Exhibit. B. DDA's counsel's e-mail said:

> On Nov 12, 2020, at 10:32 AM ET, Andrew Bonderud
> <andrew@jax.lawyer> wrote:
>
> Counsel:
>
> It has come to my attention that the Agruss Law Firm has contacted my client via telephone on the following dates and times:
>
>> Monday, Nov. 9, 2020 at 3:06 p.m. (eastern)
>> Thursday, Nov. 12, 2002 at 6:50 a.m. (eastern)
>
> On Monday, my client answered and a lady from the Agruss Law Firm questioned my client about what my client does, whether or not my client has a website, and other information.
>
> Please let me know before noon eastern whether or not you dispute this information. I'm advising you that I intend to file a motion for

sanctions and for a protective order. Please let me know without
delay what your position on this is.

Andrew M. Bonderud, Esq.
The Bonderud Law Firm, P.A.
www.JAX.Lawyer
904-438-8082 (Office)

*Id.*

Approximately fourteen minutes later, Plaintiff's counsel e-mailed DDA's counsel,
explained the reasons for the calls to 941-933-1347 on November 9, 2020 and November 12, 2020,
and provided DDA's counsel with a copy of the voicemail message that Ms. Rhodes received (a
completely different consumer than Plaintiff).  *Id.*

Plaintiff's counsel said:

On Thu, Nov 12, 2020 at 10:46 a.m. ET Shireen Hormozdi
<shireen@agrusslawfirm.com> wrote:

Hi Andrew,

We were investigating a claim for another client named Jvanne
Rhodes who received the attached voicemail message.   This
message violates the FDCPA.  This is for a new case.

The number that was called was 941-933-1347.   This is your
client's number, as evidence by your email below.

Thank you.

Shireen Hormozdi Bowman
Attorney at Law
4809 N. Ravenswood Ave, Suite 419
Chicago, IL 60640
Tel:  678-960-9030
Fax: 312-253-4451
shireen@agrusslawfirm.com
*Licensed to practice in Florida, Georgia, Kentucky, Mississippi
and New York and North Carolina
*Federally admitted in Arkansas, E.D. of TN and W.D. of TN

*Id.*

Less than forty-five minutes later, DDA's counsel e-mailed Plaintiff's counsel stating DDA would file the Verified Motion unless Plaintiff dismissed her Complaint by 1:00 p.m. Eastern Time. *Id*. The exact e-mail is below:

> **From:** Andrew Bonderud <andrew@jax.lawyer>
> **Sent:** Thursday, November 12, 2020 11:26 AM
> **To:** Shireen Hormozdi <shireen@agrusslawfirm.com>
> **Cc:** Michael Agruss <michael@agrusslawfirm.com>; Taylor Kosla <taylor@agrusslawfirm.com>; Jesus Montero <jesus@jax.lawyer>; Kinnette Colon <kinnette@jax.lawyer>
>
> **Subject:** Re: Frock v. Davis, Davis & Associates
>
> I mean, I don't know what you expect me to say, Shireen. Agruss Law Firm knows my client is represented. Disqualification, sanctions, and a protective order are all appropriate remedies for this. Please confer with your client and let her know that if you dismiss this case by 1pm eastern, we won't have to file a motion to seek the remedies described above.
>
> Andrew M. Bonderud, Esq.
> The Bonderud Law Firm, P.A.
> www.JAX.Lawyer
> 904-438-8082 (Office)

*Id*. Approximately five hours later, DDA filed its Verified Motion. (Doc. No. 17).

DDA's counsel never called Plaintiff's counsel to speak on the phone regarding the Verified Motion. *See* Shireen Hormozdi Bowman's Affidavit ¶ 22, attached as Exhibit C ("Hormozdi Bowman's Aff."); *see also* Michael S. Agruss's Affidavit ¶ 39, attached as Exhibit D ("Agruss's Aff.). DDA's counsel simply said, "Agruss Law Firm knows my client is represented," and then filed the Verified Motion hours later. (Ex. B). How could DDA's counsel have had time to even discuss the voicemail message Ms. Rhodes received and the reasons for ALF's two calls to 941-933-1347 with its client prior to filing the Verified Motion? Additionally, DDA's counsel is not licensed in Texas, and therefore, does not likely represent DDA or Mr. Davis in the Rhodes' lawsuit filed in The Northern District of Texas. *See* E-Mail Exchange Between Counsel Regarding

Rhodes's Representation, attached hereto as Exhibit E. Indeed, on November 16, 2010, DDA's counsel e-mailed Mr. Agruss and said the following regarding Plaintiff's, Rhodes's lawsuit, "I'm not admitted in Texas. So, I doubt I'll be representing any of the defendants in the new lawsuit." *Id.* Firing off a quick e-mail, not speaking with Plaintiff's counsel on the phone, and failing to further investigate the additional evidence provided by Plaintiff's counsel (the voicemail message Ms. Rhodes received), does not qualify as a good faith attempt to meet and confer with opposing counsel prior to a filing a motion. The whole point of Local Rule 3.01(g) is to avoid unnecessary motions like the one DDA filed here.

In addition to not conferring in good faith with Plaintiff's counsel, second, DDA's counsel did not file a Local Rule 3.01(g) certification with its Verified Motion. (Doc. No. 17). Despite not following the required Local Rule 3.01(g) certification, DDA still, surprisingly, asks this Honorable Court to award all attorney's fees that it incurred responding to Plaintiff's counsel's alleged wrongdoing. *Id.* However, "requests for an award of attorney's fees are routinely denied in cases where the moving party fails to properly comply with Local Rule 3.01(g)." *Scottsdale Ins. Co. v. Physicians Group, LLC*, 2016 WL 3425675 *1 (M.D. Fla. June 22, 2016); *see also Kaplan v. Kaplan*, No. 2:10-CV-237-FTM-36, 2011 WL 4061250, at *2 (M.D. Fla. 2011) (denying requesting for attorney's fees because failure to comply with Local Rule 3.01(g) is "fatal to a motion"). This Honorable Court should deny DDA's Verified Motion for this fatal procedural deficiency alone of not complying with Local Rule 3.01(g). Alternatively, if this Honorable Court finds that DDA's Verified Motion is not procedurally deficient, it should deny the Verified Motion due to the substantive and factual defects discussed below.

**B.    DDA's Verified Motion is Substantively Deficient Because it Fails to Provide this Honorable Court with a Full and Accurate Recitation of Facts.**

Even if this Honorable Court determines DDA's counsel complied with Local Rule 3.01(g), which it did not, DDA's Verified Motion should still be denied because it is substantively false and is not supported by evidence.  DDA urges this Honorable Court to disqualify Plaintiff's Counsel for contacting DDA directly and allegedly misleading DDA about "who Counsel was and why Counsel was calling."  (Doc. 17 at 4).  DDA's Verified Motion is riddled with misrepresentations and lacks factual contentions or evidentiary support to disqualifying Plaintiff's counsel.  In fact, this Honorable may find DDA, Andrew Bonderud, and Mr. Davis should show cause as to why their actions are not in violation of Rule 11(b).  FED. R. CIV. PRO. 11(c)(3).

**i.    Facts Matter: The Real Factual Background.**

Michael Agruss ("Mr. Agruss") is the founding and managing attorney of ALF, established in March 2012.  (Agruss Aff.  ¶ 4).  ALF handles consumer rights and personal injury cases.  *Id.* ¶ 5.  Since 2012, Mr. Agruss and ALF have worked with Shireen Hormozdi ("Ms. Hormozdi") and The Hormozdi Law Firm, LLC ("HLF"), on several consumer rights cases, including Plaintiff's case.  *Id.* ¶ 6.  Ms. Hormozdi is the founding and managing attorney of HLF, established in May 2012.  *Id.* ¶ 4.  HLF handles consumer rights and personal injury cases.  *Id.* At the time DDA filed its Verified Motion, Ms. Hormozdi was Plaintiff's attorney of record.  *Id.* ¶ 5.

On November 9, 2020, **in a completely different case**, consumer, Jvanne Rhodes ("Ms. Rhodes") contacted ALF regarding a voicemail message Ms. Rhodes received from an unidentified company.  (Agruss Aff.  ¶ 13; *see also* Erin Nut's Affidavit ¶ 4, attached as Exhibit F ("Nutt Aff.")).  The voicemail message Ms. Rhodes received stated, "There's a file in our office that requires your immediate attention or that of your attorney of record.  Please contact the office at 941-933-1347 to speak with an associate.  Thank you."  *See Rhodes v. David, Davis and Associates et. al.*, No.

3:20-cv-03417-K (N.D. Tx. Nov. 16, 2020), attached hereto as Exhibit G; *see also* Certified

Transcribed Voicemail Message Rhodes Received, attached hereto as Exhibit H.  On November 9,

2020, Ms. Rhodes spoke with Erin Nutt ("Ms. Nutt"), a legal assistant at ALF.  (Nutt Aff. ¶¶ 2, 4).

Neither Ms. Rhodes nor ALF knew who left Ms. Rhodes the voicemail message because the

message failed to identify the company's name, as required by the FDCPA.[3]  *Id.* ¶ 2.  The voicemail

Ms. Rhodes received likewise failed to state the communication was from a debt collector, which

is also required by the FDCPA.[4]  (Ex. H).

### ii.  The November 9, 2020 Phone Call.

On  November  9,  2020,  at  approximately  3:06  p.m.  Eastern  Time,  as  part  of  ALF's

investigation, and consistent with FED. R. CIV. PRO. 11, Ms. Nutt called 941-933-1347 to find out

who left Ms. Rhodes the voicemail message.  (Nutt Aff. ¶ 7).  In fact, the message left for Ms.

Rhodes said to do just that.  (Ex. H).  "There's a file in our office that requires your immediate

---

[3] 15 U.S.C. § 1692d(6). "Generally, §1692d aims to protect consumers from harassment and abuse by unscrupulous debt collectors and subsection (6) prohibits debt collectors from placing calls without "meaningful disclosure of the caller's identity."  *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1258–59 (11th Cir. 2017).  In pertinent part, the FDCPA prohibits debt collectors from: engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, [it] is a violation of this section ... [to place] telephone calls without meaningful disclosure of the caller's identity.  15 U.S.C. § 1692d(6)."  *Id.*  "The identity of the caller is meaningfully disclosed provided that both the name of the debt collection company and the nature of the company's business are disclosed." *Id*. at 1260.

[4] The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector."  *Edwards v. Niagra Credit Solutions, Inc*., 584 F.3d 1350, 1351 (11th Cir. 2009) (citing 15 U.S.C. 1692e(11).  "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector."  *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).  Voicemail messages from debt collectors to debtors are "communications" regardless of  whether a debt is mentioned in the message.  *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340 - 41 (S.D. Fla. 2008) (citing *Belin v. Litton Loan Servicing*, LP, 2006 WL 1992410, at *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA).

attention or that of your attorney of record.  **Please contact the office at 941-933-1347** to speak with an associate.  Thank you." *Id.* (emphasis added).  ALF does not record calls, and therefore, this call was not recorded.  (Agruss Aff. ¶ 20).  Likewise, DDA did not record this phone call either. *Id.* ¶ 41.  As DDA acknowledges in its Verified Motion, Ms. Nutt called from 312-224-4695, ALF's phone number. (Nutt Aff.  ¶ 8).  As DDA also acknowledges in its Verified Motion, the caller ID on Ms. Nutt's outbound call said, "Agruss Law Firm."  (Nutt Aff.  ¶ 9; Agruss Aff. ¶ 22).  On November 9, 2020, Ms. Nutt called 941-933-1347 to find out the company's name, website, and other identifying information on behalf of Ms. Rhodes.  (Nutt Aff.  ¶ 10).  Ms. Nutt did not hide her identity, or the fact that that she works at ALF, during this conversation on November 9, 2020. *Id.* ¶ 11.  Furthermore, DDA does not dispute the extent of Ms. Nutt's call was limited to the determination of the company's identity—no substantive discussion occurred regarding Plaintiff. (Doc No. 17 ¶ 8); *see also* Nutt Aff. ¶ 12-14.  During this conversation on November 9, 2020, Ms. Nutt learned the collection agency that left Ms. Rhodes the voicemail message was DDA.  (Nutt Aff. ¶ 12; Agruss Aff. ¶ 25).  On November 9, 2020, Ms. Rhodes retained ALF to represent her in an FDCPA case against DDA.  (Agruss Aff. ¶ 26).

### iii.  The November 12, 2020 Phone Call.

On November 12, 2020, at approximately 6:50 a.m. Eastern Time, as part of ALF's continued investigation prior to filing Ms. Rhodes complaint, and consistent with FED. R. CIV. PRO. 11, Mr. Agruss also called 941-933-1347. *Id.* ¶ 27.  Mr. Agruss called 941-933-1347 before business hours with the plan of hearing the company's name in a message in order to verify the company's name. *Id.* ¶ 28.  No one answered Mr. Agruss's call, and therefore, Mr. Agruss did not speak with anyone at 941-933-1347. *Id.* ¶ 29.  Additionally, the outgoing message at 941-933-1347 was a generic message that did not identify the company's name. *Id.* ¶ 30.

### iv.   FED. R. CIV. PRO. 11(b)(3) Requires a Pre-Suit Investigation.

Ms. Nutt never discussed Plaintiff's case with DDA during the phone call on November 9, 2020.  (Nutt Aff. ¶ 13).  Mr. Agruss never discussed Plaintiff's case with DDA after October 29, 2020. (Agruss Aff. ¶¶ 10, 31).  Once again, the sole purpose of Ms. Nutt's and Mr. Agruss's phone calls to 941-933-1347 was to verify the company's name before filing Ms. Rhodes's lawsuit.  *Id.* ¶ 32.

FED. R. CIV. PRO. 11(b)(3) is quite clear when it says, "By presenting to the court a pleading,…an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the factual contentions have evidentiary support."  FED. R. CIV. PRO. 11(b)(3).  In other words, before ALF filed Ms. Rhodes's FDCPA lawsuit, ALF needed to know who left the message that did not comply with the FDCPA. Finally, contrary to DDA's Verified Motion, Ms. Hormozdi never called or spoke with anyone at 941-933-1347.  (Bowman Hormozdi Aff. ¶ 15-16).

### v.   Kevin Trezvant Davis is Not a Credible Witness.

According to DDA's Verified Motion, Kevin Trezvant Davis ("Mr. Davis") is the principal of DDA.  (Doc. No. 17, page 3, ¶ 11).  Mr. Davis declared under penalty of perjury that the facts alleged in the Verified Motion are true and correct to the best of his knowledge.  Doc. No. 17, page 7.  Interestingly, the woman who answered Ms. Nutt's call on November 9, 2020, Debra James, **did not** file an affidavit in support of DDA's Verified Motion.  (Doc. No. 17).  (emphasis added).  As such, DDA's entire Verified Motion is based on the following: "Kevin Davis, Defendant's principal, overheard the conversation between Ms. James and the lady caller from the Agress [sic] Law Firm."  (Doc. No. 17 ¶ 11).  Mr. Davis is a four-time convicted felon.  *See e.g*., Certificates of Disposition for Kevin Davis, attached hereto as Exhibits I, J, K, and L.  On September 27, 1996,

Mr. Davis was adjudicated guilty of felony armed robbery and felony possession of more than twenty grams of cannabis. (Ex. I). On February 7, 1997, Mr. Davis was adjudicated guilty of felony sale or delivery of cocaine. (Ex. J). On July 3, 2003, Mr. Davis was adjudicated guilty of felony possession of cocaine. (Ex. K). On November 10, 2015, Mr. Davis was adjudicated guilty of felony possession of cocaine. (Ex. L).

"Under Federal Rule of Evidence 609 a defendant's credibility is subject to impeachment through evidence of his prior convictions." *U.S. v. Vigliatura*, 878 F.2d 1346, 1350-51 (11th Cir. 1989). Federal Rule of Evidence 609 allows the admission of prior criminal convictions to impeach a witness in a civil matter. FRE 609(a)(1)(A). When a felony conviction is more than 10 years old, then a district court may admit it for impeachment purposes upon a finding that the probative value substantially outweighs its prejudicial effect. *U.S v. Pope*, 132 F.3d 684, 687 (11th Cir. 1998) (citing *United Sates v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992); *United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir. 1987)). "Evidence of a prior conviction is offered on the theory that because the witness . . . has been previously convicted of a crime, his character is such that he will be less likely to tell the truth than the average law-abiding citizen." 36 Am. Jur. *Proof of Facts* § 2d 747 (1983). There is not a single gram of credible evidence to disqualify Plaintiff's counsel, and impose sanctions, based on conversation a four-time convicted felon overheard. Therefore, Defendant's Verified Motion should be denied.

## C. Imposing Sanctions Against Plaintiff's Counsel in this case is Inappropriate Without a Showing of At Least Bad Faith.

Finally, after requesting that this Honorable Court disqualify Plaintiff's counsel, DDA has the audacity to asks this Honorable Court to impose sanctions. (Doc. 17 at 5-6). In support, DDA states:

> Defendant respectfully believes that Plaintiff and her Counsel should be sanctioned for their behavior in contacting Defendant directly twice, questioning Defendant's employees about their business practices, and attempting to mislead the Defendant into believing that Plaintiff's Counsel was not an attorney, much less the attorney for Plaintiff who had sued the Defendant.

*Id.*

As discussed in great detail above, DDA's far-fetched recitation of what occurred here could not be further from the truth and is not supported by any credible evidence or the law. In fact, DDA's counsel was given two separate opportunities to withdraw its Verified Motion. *See* E-Mail Exchange Regarding Withdrawing Motion, attached hereto as Exhibit M. Despite these opportunities, and the duty of candor imposed on DDA's counsel by Rule 11, DDA still filed its harassing, frivolous, and unsupported Verified Motion. ALF called 941-933-1347 twice to find out the company's name for a separate consumer, Ms. Rhodes. (Agruss Aff. ¶ 13; Nutt Aff. ¶ 7; Bowman Hormozdi Aff. ¶ 20). No one from ALF hid their identity during either call. (Nutt Aff. ¶ 11; Agruss Aff. ¶ 4). Out of the two phone calls made to 941-933-1347, only one conversation occurred. (Nutt Aff. ¶ 12; Agruss Aff. ¶ 29). During that single phone conversation, Ms. Nutt did not discuss Plaintiff's case. (Nutt Aff. ¶ 13). That is it—nothing more and nothing less. DDA took that information, failed to meet and confer in good faith, filed a harassing, frivolous, and unsupported Verified Motion, wasted dozens of hours for Plaintiff's lawyers, and now expends this Honorable Court's resources ruling on its Verified Motion.

Astonishingly, DDA requests this Honorable Court to disqualify and sanction Plaintiff's counsel. (Doc. 17 at 5-6). A federal court may exercise its inherent power to sanction bad faith even if that conduct could be sanctioned under a state or procedural rule. *Chambers*, 501 U.S. at 49-51. However, here, Plaintiff's counsel has not violated any rule or statute, much less acted in bad faith. Importantly, the same cannot be said for DDA and its lawyer.

## IV.   CONCLUSION

Plaintiff, KIMBERLY FROCK, respectfully requests that this Honorable Court enter an order denying Defendant's, DAVIS, DAVIS & ASSOCIATES LLC, Verified Motion to Disqualify Plaintiff's Counsel and Motion for Sanctions.


RESPECTFULLY SUBMITTED,


DATED: November 25, 2020          By:   /s/ Shireen Hormozdi_____
                                       Shireen Hormozdi
                                       SBN: 0882461
                                       Hormozdi Law Firm, LLC
                                       1770 Indian Trail Lilburn Road, Suite 175
                                       Norcross, GA 30093
                                       Tel: 678-395-7795
                                       Fax: 866-929-2434
                                       shireen@agrusslawfirm.com
                                       shireen@norcrosslawfirm.com
                                       Attorney for Plaintiff


RESPECTFULLY SUBMITTED,


DATED: November 25, 2020          By:   /s/ Michael S. Agruss_____
                                       Michael S. Agruss
                                       Agruss Law Firm, LLC
                                       IL Bar No. 6281600
                                       4809 N. Ravenswood Avenue, Suite 419
                                       Chicago, IL 60640
                                       Tel: 312-224-4695
                                       Fax: 312-253-4451
                                       Cell: 310-696-9539
                                       michael@agrusslawfirm.com
                                       Attorney for Plaintiff
                                       Admitted Pro Hac Vice

**PROOF OF SERVICE**

I, Michael S. Agruss, state the following:

I am employed in Chicago, Illinois.  I am over the age of 18 and am not a party to this action. My business address is 4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640.  On November 25, 2020, I served the following documents:

**PLAINTIFF'S OPPOSITION TO DAVIS, DAVIS & ASSOCIATES LLC MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND MOTION FOR SANCTIONS**

On the parties listed below:

> Andrew Bonderud
> Andrew M. Bonderud, Esq.
> 301 W. Bay Street, #1433
> Jacksonville, FL 32202
> Andrew@jax.lawyer
> Attorney for Davis, Davis & Associates, LLC

By the following means of service:

[X]   **BY MAIL:** I deposited the envelope in the mail in Elmhurst, Illinois.  The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid in Elmhurst, Illinois in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **ECF Services:** Notice of this filing will be sent to the above party/parties through the Court's Electronic Case Filing System.

[X]   **FEDERAL:** I declare under penalty of perjury that the above is true and correct.

Executed on November 25, 2020.

> By: /s/ Michael S. Agruss
>     Michael S. Agruss