**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KIMBERLY FROCK,

        Plaintiff,

v.                                      Case No.   3:20-cv-954-J-39JRK

DAVIS, DAVIS & ASSOCIATES, LLC,
DAVIS & DAVIS CONSULTING
SERVICES LLC, and KEVIN T. DAVIS,

        Defendants.

## O R D E R

This cause is before the Court on Defendant's Verified Motion to Disqualify Plaintiff's Counsel and Motion for Sanctions (Doc. No. 17; "Motion"), filed November 12, 2020. Plaintiff opposes the Motion. See Plaintiff's Opposition to Davis, Davis & Associates LLC's Motion to Disqualify Plaintiff's Counsel and Motion for Sanctions (Doc. No. 28; "Response"), filed November 25, 2020.

Plaintiff is represented by Shireen Hormozdi from the Hormozdi Law Firm, LLC;[1] Michael S. Agruss from the Agruss Law Firm, LLC; and Bryant Ashley Scriven from the law firm of Scriven Law, PA.[2] In the Motion, Defendant Davis, Davis & Associates LLC (hereinafter "Defendant") seeks the disqualification of the Hormozdi Law Firm, LLC/Norcross Law Firm and the Agruss Law Firm. See Motion at 3. In addition, Defendant

---

[1] It appears the Hormozdi Law Firm, LLC (located in Norcross, Georgia) is also known as the Norcross Law Firm. See The Hormozdi Law Firm, https://www.norcrosslawfirm.com (last visited December 2, 2020).

[2] Mr. Agruss is appearing pro hac vice in this matter with Mr. Scriven serving as local counsel. See Order (Doc. No. 27), entered November 23, 2020.

asks the Court to impose sanctions on Plaintiff and her counsel in the form of attorney's fees incurred in the filing of the Motion. Id. Defendant argues Plaintiff's counsel violated Rule 4-8.4(c), Rules Regulating the Florida Bar ("Rule(s)"), which according to Defendant, "prohibits attorneys from directly communicating with adverse parties, including employees or former employees of the corporate parties represented by counsel." Id. at 4 (citation omitted). Defendant asserts an employee of the Agruss Law Firm contacted Defendant via telephone on November 9, 2020 and November 12, 2020, even though Defendant was represented by counsel. Id. at 2, 4.

Responding, Plaintiff argues the Motion should be denied because Defendant failed to confer with Plaintiff's counsel pursuant to Local Rule 3.01(g), Middle District of Florida, United States District Court. See Response at 4-8. Plaintiff contends the Motion should also be denied because even though the Agruss Law Firm contacted Defendant, it did so with regard to another case. See id. at 9-11.

As noted, Defendant asserts Plaintiff's counsel violated Rule 4-8.4(c). That rule generally prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . ." R. Regulating Fla. Bar 4-8.4(c). It appears Defendant is referring to Rule 4-4.2, which provides in part as follows:

> In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. Notwithstanding the foregoing, a lawyer may, without such prior consent, communicate with another's client to meet the requirements of any court rule, statute or contract requiring notice or service of process directly on a person, in which event the communication is strictly restricted to that required by the court rule, statute or contract, and a copy must be provided to the person's lawyer.

R. Regulating Fla. Bar 4-4.2(a).

Being fully advised in the premises and upon consideration of all relevant matters, the undersigned finds that the Motion is due to be denied. Defendant has failed to show that Plaintiff's counsel communicated with Defendant "about the subject of the representation" because although the Agruss Law Firm contacted Defendant directly, the facts establish that the communication was about a different case. As to the Hormozdi Law Firm, LLC/Norcross Law Firm, the Motion does not state that anyone from that law firm contacted Defendant. In addition, based on the representations made in the Response and the supporting documentation, it does not appear that Defendant conferred in good faith with Plaintiff's counsel under Local Rule 3.01(g).

To the extent Plaintiff asks the Court to impose sanctions on Defendant under Rule 11(b), Federal Rules of Civil Procedure, see Response at 9, such a request must be in the form of a motion, see Fed. R. Civ. P. 7(b) (providing that "[a] request for a court order must be made by motion"); see also Estate of Miller ex rel. Miller v. Toyota Motor Corp., No. 6:08-cv-1358-Orl-19DAB, 2008 WL 516725 (M.D. Fla. Feb. 22, 2008) (unpublished) (noting that "requests for relief must be made in the form of a motion and not buried in a response to another party's motion") (citing Pine v. Bd. of Cnty. Comm'r of Brevard Cnty., No. 6:06-cv-1551-Orl-19JGG, 2007 WL 865593 (M.D. Fla. March 21, 2007) (unpublished) (stating that "[i]t is inappropriate to bury requests for relief in a response")); Orlando Nightclub Enter., Inc. v. James River Ins. Co., No. 6:07-cv-1121-Orl-19KRS, 2007 WL 4247875, at *1 n.1 (M.D. Fla. Nov. 30, 2007); Nelson v. Bulso, 149 F.3d 701, 705 (7th Cir. 1998) (holding that it was within the district court's discretion to require separately captioned motions).

- 4 -

For the foregoing reasons, it is

**ORDERED**:

The Verified Motion to Disqualify Plaintiff's Counsel and Motion for Sanctions (Doc. No. 17) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on December 2, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record